**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT M. KLIMO, | ) | CASE No. 1:26-CV-293 |
| | ) | 1:26-CV-294 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| U.S. BANK NATIONAL TRUST | ) | MAGISTRATE JUDGE |
| ASSOCIATION, *et al.*, | ) | JENNIFER DOWDELL ARMSTRONG |
| | ) | |
| Defendants. | ) | REPORT AND RECOMMENDATION |

## I.     INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Robert M. Klimo ("Plaintiff"), proceeding pro se, filed a 26-count, 266-page complaint against 11 defendants in this case. Seven Defendants subsequently filed Motions to Dismiss, which remain pending before the Court. (No. 26-cv-293, ECF Nos. 3, 11, 14, 23; No. 26-cv-294, ECF Nos. 16, 19, 20).

On April 16, 2026, I ordered Plaintiff to show cause for his failure to file timely responses or seek an extension to respond to three of Defendants' Motions to Dismiss: (1) Defendants Planet Home Lending LLC and U.S. Bank Trust National Association's motion filed on February 12, 2026 in No. 1:26-cv-293 (ECF No. 17); (2) Defendants Chicago Title Insurance Company/Servicelink's motion of February 27, 2026 in No. 1:26-cv-293 (ECF No. 11); and (3) Defendant Internal Revenue Service's motion filed on March 11, 2026 in Case No. 1:26-cv-294 (ECF No. 16). ("First Show Cause Order," ECF No. 17 in the lead case.)

1

The First Show Cause Order provided Plaintiff until April 30, 2026 to Show Cause for his failure to file timely opposition briefs to the Motions to Dismiss or to seek an extension of time to do so. (*Id.*, PageID# 554–55.) The First Show Cause Order warned Plaintiff that he is "**hereby on notice that failure to comply with this Show Cause Order may result in a recommendation to dismiss this action for want of prosecution pursuant to Fed. R. Civ. P. 41(b) without further notice**." (*Id.*, emphasis in original.) Plaintiff failed to respond to the First Show Cause Order by April 30, 2026.

On April 24, 2026, I ordered Plaintiff to show cause for his failure to file an opposition brief or seek an extension to respond to Defendant Huntington National Bank's Motion to Dismiss (ECF No. 19), which was filed in No. 26-cv-294 on March 24, 2026. ("Second Show Cause Order," ECF No. 21 in the lead case.)

The Second Show Cause Order provided Plaintiff until May 8, 2026 to show cause for his failure to file timely opposition briefs to the Motion to Dismiss or to seek an extension of time to do so. (*Id.*, PageID# 569.) The Second Show Cause Order warned Plaintiff that he is "**hereby on notice that failure to comply with this Show Cause Order may result in a recommendation to dismiss this action for want of prosecution pursuant to Fed. R. Civ. P. 41(b) without further notice**." (*Id.*, emphasis in original.)

On June 2, 2026, I issued a third order ("Third Show Cause Order," non-document), which again informed Plaintiff of his "failure to file timely opposition briefs to the multiple Motions to Dismiss filed in this case by Defendants Planet Home Lending LLC and U.S. Bank Trust National Association in Case 1:26-CV-293 (ECF No. 3 ), Defendants Chicago Title Insurance Company in Case No. 26-cv-293 (ECF No. 11 ), Defendant Internal Revenue Service in Case No. 1:26-cv-294 (ECF No. 16 ), and Huntington National Bank in Case No. 26-cv-293 (ECF No. 14 ) and in Case

2

No. 26-cv-294 (EF No. 19 ), as well as to seek an extension of time to respond to these Motions." The Third Show Cause Order further stated that Plaintiff failed to respond to the First Show Cause Order and the Second Show Cause Order. (*Id.*) And the Third Show Cause Order informed Plaintiff that he failed to respond to a fifth Defendant's Motion to Dismiss (Franklin Credit Management Corporation), which was filed on April 16, 2026. (*Id.*) Finally, the Third Show Cause Order warned Plaintiff that is hereby on notice that failure to respond to the fifth Motion to Dismiss, the First Order Cause Order, the Second Show Cause Order, and the Third Show Cause Order on or before June 12, 2026, "**will result in a recommendation to dismiss Case Nos. 26-cv-293 and 26-cv-294 with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b) without further notice.**" (Emphasis added).

Plaintiff did not respond to these various orders in any way by June 12, 2026.

Instead, on June 15, 2026, Plaintiff filed an untimely motion captioned "Emergency Motion for Leave to File Out-of-Time Oppositions Nunc Pro Tunc, for Extension of Time Under Fed. R. Civ. P. 6(B)(1)(B), and Combined Response to Orders to Show Cause." (The "Emergency Motion," No. 26-CV-293, ECF No. 24.)[1] The Emergency Motion was filed three months after Plaintiff's deadline to respond to certain Defendants' Motions to Dismiss, two months after the First Show Cause Order, over a month after the Second Show Cause Order, and three days after the deadline set in the Third Show Cause Order. Plaintiff's Emergency Motion asked the Court to excuse not only his original missed deadlines to oppose numerous Defendants' Motions to Dismiss, but also his failure to comply with the First Show Cause Order, the Second Show Cause Order, and the Third Show Cause Order.

---

[1] While Plaintiff's Emergency Motion was dated June 10, 2026, it was not filed until June 15, 2026. (Compare ECF NO. 24, Page# 602 with PageID# 591.)

While several Defendants opposed Plaintiff's request to one extent or another (*see* ECF Nos. 25, 26, 27, 28, 29), and despite the untimeliness just described, I granted Plaintiff's Emergency Motion on July 8, 2026 in order to provide Plaintiff with a final opportunity to comply with court orders in this case. (Non-document order dated July 8, 2026, No. 26-CV-293, "Final Order.") Specifically, the Final Order ordered Plaintiff to "file responses to all Defendants' pending motions to dismiss on or before July 16, 2026." (*Id.*) The Final Order warned Plaintiff that "[n]o extensions will be granted." (*Id.*) And the Final Order put Plaintiff on notice that **"if he fails to file his responses on or before July 16, 2026, that I will recommend without further notice that the Court dismiss Case Nos. 26-cv-293 and 26-cv-294 with prejudice for failure to comply with numerous court orders and for want of prosecution pursuant to Fed. R. Civ. P. 41(b)."** (*Id.*) (emphasis added).

Despite this final warning, Plaintiff filed nothing between my Final Order and my clearly stated final deadline.

On July 29, 2026, Plaintiff filed untimely opposition briefs in Case No. 26-cv-293 to Defendant Huntington's Motion to Dismiss (Opp'n, ECF No. 31), Defendant U.S. Bank Trust National Association and Planet Home Lending's Motion to Dismiss (Opp'n, ECF No. 32), and Defendant Chicago Title Insurance Company's Motion to Dismiss (Opp'n, ECF No. 33). On the same day, Plaintiff also filed an untimely opposition brief in No. 26-cv-294 to Franklin Credit Management's Motion to Dismiss (ECF No. 25 in the member case) (collectively, Plaintiff's "Untimely Opposition Briefs").[2]

Plaintiff did not seek an extension of time to file his Untimely Opposition Briefs and provides no explanation for his failure to comply with the Final Order, despite the fact that the

---

[2] On the same day, Plaintiff filed a "Notice of Voluntary Dismissal Without Prejudice as to United States Internal Revenue Service Only." (ECF No. 30 in the lead case.)

Final Order explicitly warned Plaintiff that I would recommend that the Court dismiss Plaintiff's claims with prejudice if he failed to file his responses to Defendants' Motions to Dismiss on or before July 16, 2024. Notably, each of the Untimely Opposition Briefs are dated *after* the deadline. (*See* in the lead case, ECF No. 31, PageID# 664; ECF No. 32, PageID# 685; ECF No. 33, PageID# 701; in the member case, ECF No. 25, PageID# 409.)

Plaintiff has failed to timely comply with the First Motion to Show Cause, the Second Motion to Show Cause, the Third Motion to Show Cause, and the Final Order. Accordingly, and on my own initiative, I recommend that the Court DISMISS Mr. Klimo's case without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41 and for failure to comply with Court orders.

If the Court accepts my recommendation that Plaintiff's claims be dismissed without prejudice, I also recommend that the Court deny as moot Defendants' numerous pending Motions to Dismiss. (Case No. 26-cv-293, ECF Nos. 3, 11, 14, 23; Case No. 26-cv-294, ECF Nos. 16, 19, 20).

## II.    ANALYSIS

Plaintiff's Complaint against all Defendants should be dismissed for failure to prosecute and to timely comply with the First Show Cause Order, the Second Show Cause Order, the Third Show Cause Order, and the Final Order.  "The Sixth Circuit has held that 'a district court has three different sources of authority to dismiss a case for failure to prosecute.'" *Wingate v. Wal-Mart Stores, Inc.*, No. 1:16-CV-1785, 2017 WL 1251093, at *3 (N.D. Ohio Mar. 14, 2017) (quoting *Rogers v. City of Warren*, 302 F. App'x 371, 375 (6th Cir. 2008)), *report and recommendation adopted*, 2017 WL 1235006 (N.D. Ohio Apr. 4, 2017). Those three sources are: (1) Federal Rule of Civil Procedure 16(f)(1)(A), which authorizes dismissal where party fails to appear at a scheduling or pretrial conference; (2) Rule 41(b), which "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute [her] case or to comply with a court order"; and (3) the

5

court's inherent authority to "'protect [] the due and orderly administration of justice, and . . . maintain[] the authority and dignity of the court.'" *Id*. (quoting *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005) (unpub.)).

The Supreme Court has recognized that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co*., 370 U.S. 626, 629-30 (1962). Notably, it is "well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Moreover, while "[p]*ro se* plaintiffs are held to less stringent standards than attorneys . . . cases filed by *pro se* plaintiffs may still be subject to dismissal if the plaintiff fails to meet court orders." *Wingate*, 2017 WL 1251093 at *4.

In determining whether dismissal for failure to prosecute is appropriate, courts in this circuit apply a four-factor test drawn from the Sixth Circuit's decision in *Mulbah v. Detroit Board of Education*, 261 F.3d 586 (6th Cir. 2001):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id*. at 589; *see also Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (applying *Mulbah* factors).

The *Mulbah* factors "balance the competing concerns of 'the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims' with the preference for disposition of cases on their merits." *Wingate*, 2017 WL 1251093 at *4 (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

6

**A.  <u>Whether Plaintiff's failure is due to willfulness, bad faith, or fault</u>**

The first factor considers whether Plaintiff's failure to timely respond to or comply with the First Order to Show Cause, Second Order to Show Cause, Third Order to Show Cause, and Final Order is due to willfulness, bad faith, or fault.

Here, there is no indication that bad faith motivated Plaintiff's failure to timely respond or comply with the First Show Cause Order, Second Show Cause Order, Third Order to Show Cause, or the Final Order. *See Cozart v. Dawson,* No. 3:23-cv-0031, 2023 WL 6392738, at *2 (M.D. Tenn. Sept, 29, 2023).

But I warned Plaintiff in the First Show Cause Order, Second Show Cause Order, and Third Show Cause Order that failure to timely respond "**will result in a recommendation to dismiss Case Nos. 26-cv-293 and 26-cv-294 with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b) without further notice**" (emphasis in the original). (ECF Nos. 17, 21, and non-document order dated June 2, 2026.)  And I explicitly warned Plaintiff in the Final Order that "**if he fails to file his responses on or before July 16, 2026, that I will recommend without further notice that the Court dismiss Case Nos. 26-cv-293 and 26-cv-294 with prejudice for failure to comply with numerous court orders and for want of prosecution pursuant to Fed. R. Civ. P. 41(b)**." (Non-document order dated July 8, 2026) (emphasis added).

Plaintiff's failures to timely comply with any of these orders are "indicative of willfulness or fault for purposes of Rule 41(b) and therefore 'tip the scale in favor of dismissal on the first factor." *Cozart*, 2023 WL 6392738, at *2 (finding first factor of Rule 41(b) analysis weighed in favor of dismissal because "the Court warned [Plaintiff] that failure to respond to [Defendant's] motion [to dismiss] and failure to respond to the Court's show-cause orders could result in dismissal); *see also Steward v. City of Jackson*, 8 Fed. App'x 294, 296 (6th Cir. 2001) (affirming Rule 41(b) dismissal when the pro se plaintiff failed to comply with the district court's order to

either proceed in forma pauperis or pay the filing fee within 20 days, and the court's order specifically stated that failure to comply with the order would result in dismissal); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991) (Rule 41(b) dismissal appropriate for a pro se plaintiff's failure to comply with a readily comprehended court deadline); *Daniels v. Napoleon,* No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause.")

Accordingly, the first factor favors dismissal.

### B. Prejudice

The second factor is whether Plaintiff's actions prejudiced Defendants. Numerous Defendants in this case "assembled, researched, and filed a motion to dismiss on the assumption that [Plaintiff] intend to prosecute his case against [them]." *Hatcher v. Dennis,* No. 1:17-cv-01042-JDB-egb, 2018 WL 1586235, at *2 (W.D. Tenn. March 30, 2018) (holding second factor weighed in favor of dismissal when the plaintiff failed to respond to the defendant's motion to dismiss and the Court's show cause order directing the plaintiff to show cause within 11 days why his complaint should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41); *see also Crawford v. Beaumont Hosp.*, Case No. 16-cv-11461, 2017 WL 744242, at *7 (E.D. Mich. Feb. 27, 2017) (internal citation omitted) ("[A]bandoning claims, which can occur when a litigant does not respond to a motion, causes prejudice to the opposing party in the context of a Rule 41(b) dismissal.")

Here, Plaintiff failed to timely comply with the First Show Cause Order, the Second Show Cause Order, the Third Show Cause Order, and the Final Order. Accordingly, the second factor weighs in favor of dismissal.

**C.  <u>Whether Plaintiff was warned that failure to timely respond to Court orders could lead to dismissal of his claims</u>**

The third factor is whether Plaintiff was warned that failure to comply with the First Show Cause Order, the Second Show Cause Order, the Third Show Cause Order, and the Final Order could result in dismissal. This factor is unquestionably satisfied here because the First Show Cause Order, the Second Show Cause Order, and the Third Show Cause Order informed Plaintiff that he is "hereby on notice that failure to comply with this Show Cause Order may result in a recommendation to dismiss this action for want of prosecution pursuant to Fed. R. Civ. P. 41(b) without further notice." (ECF Nos. 17, 21, and non-document order dated June 2, 2026, emphasis omitted.)  And the Final Order advised Plaintiff that "if he fails to file his responses [to the Motions to Dismiss] on or before July 16, 2026, that I will recommend without further notice that the Court dismiss Case Nos. 26-cv-293 and 26-cv-294 **<u>with prejudice</u>** for failure to comply with numerous court orders and for want of prosecution pursuant to Fed. R. Civ. P. 41(b)." (Non-document order dated July 8, 2026, emphasis added). I further advised Plaintiff that no extensions would be granted. (*Id.*)

Accordingly, this factor favors dismissal because Plaintiff did not timely comply with the First Show Cause Order, the Second Show Cause Order, the Third Show Cause Order, or the Final Order.

**D.  <u>Whether less drastic sanctions were imposed or considered</u>**

The fourth and final factor looks to whether less drastic sanctions were imposed or considered. Courts have recognized that "the sanction of dismissal is appropriate only if the attorney's [or party's] actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Wingate,* 2017 WL 1251093 at *4 (N.D. Ohio Mar.

9

14, 2017) (quoting *United States v. $506,069.09 Seized from First Merit Bank*, 664 F. App'x 422, 430 (6th Cir. 2016)).

I have considered lesser sanctions but conclude that no sanction short of dismissal would protect the integrity of the pretrial process. The First Show Cause Order, the Second Show Cause Order, the Third Show Cause Order, and the Final Order warned Plaintiff that failure to comply with these Court orders could result in a recommendation of dismissal. And it is undisputed that Plaintiff failed to timely comply with these orders. Under the circumstances, there is no reason to believe that a lesser sanction would secure Plaintiff's compliance with court orders. *See Wingate*, 2017 WL 1251093 at *6 (holding that less drastic sanctions than dismissal were "unlikely to elicit a response" where plaintiff "failed, again and again, to appear for Court proceedings when ordered to do so" despite prior warnings that sanctions may be imposed).

After careful consideration, however, I conclude that "the less-drastic sanction of dismissal without prejudice is available and appropriate here even though [defendant] has filed a motion to dismiss." *Cozart*, 2023 WL 6392738, at *4; *see also Daniels*, 2014 WL 6669116, at *1 (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot.). "Dismissal without prejudice balances the Court's interest in 'sound judicial case and docket management' with 'the public policy interest in the disposition of cases on their merits.'" *Cozart*, 2023 WL 6392738, at *4 (citing *Muncy v. G.C.R., Inc.*, 110 Fed. App'x at 557 n.5 (6th Cir. 2004)); *see also Mulbah,* 261 F.3d at 590-91 (recognizing strong countervailing public policy interest in "the court's needs to management of its docket" and "in expeditious resolution of litigation" even where the dismissal was with prejudice). "Such a sanction [of dismissal without prejudice] is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se." *Id.*

10

Accordingly, I determine that a dismissal of Plaintiff's claims without prejudice, rather than with prejudice, would best serve the interests of justice.

### III.  CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's Complaint without prejudice for Plaintiff's failure to prosecute and comply with court orders. And if the Court accepts my recommendation that Plaintiff's claims be dismissed without prejudice, I also recommend that the Court deny as moot Defendants' numerous pending Motions to Dismiss. (Case No. 26-cv-293, ECF Nos. 3, 11, 14, 23; Case No. 26-cv-294, ECF Nos. 16, 19, 20).

Dated: August 3, 2026

*/s/ Jennifer Dowdell Armstrong*
United States Magistrate Judge

### IV.  NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also

11

receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

12